UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

United States of America,

                              Plaintiff,

      v.

$9,300.00 United States Currency,

                              Defendant.

**Report and Recommendation**

19-CV-51V

## I.    INTRODUCTION AND BACKGROUND

On September 13, 2018, law enforcement agents executed a state search warrant at the residence of claimant John Bollinger ("Bollinger"), on the suspicion that Bollinger was distributing narcotics in the vicinity of Hamburg, New York. Law enforcement agents seized the following items from Bollinger's bedroom:

      a. $9,300 United States currency in open stacks on a bookshelf;

      b. duffle bag containing a paper bag with two (2) sealed plastic bags containing over one (1) pound of suspected marijuana located on the floor in close proximity to the currency;

      c. digital scale;

      d. vacuum sealer;

      e. bags for packaging;

      f. multiple empty one (1) pound-sized bags with drug residue; and

      g. a credit card embosser and credit card skimmer.

(Dkt. No. 1 at 3–4.) The suspected marijuana was later confirmed forensically at a weight of 1.6 pounds. (*Id.* at 4.) Bollinger was convicted in state court on a charge of criminal possession of marijuana in the third degree, a Class E felony, and was sentenced to one year of imprisonment and one year of parole. (Dkt. No. 10 at 12–13.) On the basis of the evidence found at the search

warrant execution, plaintiff the United States of America filed a verified complaint for forfeiture on January 8, 2019, naming the seized currency as an *in rem* defendant. (Dkt. No. 1.) While incarcerated at Elmira Correctional Facility ("Elmira"), Bollinger filed an answer to the complaint and a claim for the defendant currency. (Dkt. No. 6.) District Judge Lawrence J. Vilardo referred this case to this Court under 28 U.S.C. §§ 636(b)(1)(A) and (B) (Dkt. No. 8), and the Court issued a scheduling order the next day. (Dkt. No. 9.)

On October 31, 2019, plaintiff filed a motion to strike Bollinger's answer and claim as a sanction under Rule 37(d) of the Federal Rules of Civil Procedure. (Dkt. No. 10.) Plaintiff gives several reasons in support of the motion. Plaintiff served Bollinger in April 2019 with interrogatories and a first request for documents; Bollinger never responded to those documents or to follow-up letters in May and July 2019. (*Id.* at 4.) Bollinger completed his term of incarceration in early September 2019 (*id.* at 12) but never updated his address in the docket of this case. Plaintiff then made the following efforts to try to secure Bollinger's presence at a deposition scheduled for October 18, 2019:

> On October 11, 2019, your affiant telephoned Claimant's Parole Officer to obtain contact information for Claimant. The Officer provided me with phone numbers for Claimant and his mother.

> On October 11, 2019 , your affiant attempted to contact the number represented to me to be Claimant's cell phone number. I received no answer and the voice mail system on that phone had not been activated.

> By a letter dated October 17, 2019, your affiant reminded Claimant of the deposition scheduled for October 18, 2019 and requested Claimant to contact me to discuss the case. A copy of the letter is attached hereto as Exhibit "F."

> On October 16, 2019, your affiant contacted the number represented to be a phone number for Claimant's mother. On that day, I spoke to an individual, named "Peter," a friend of the family, who indicated to me that he would have Claimant contact me prior to the deposition. Claimant did not contact me.

2

On October 18, 2019, your affiant and a court reporter were present in the United States Attorney's Office in Buffalo, New York for the deposition. Claimant did not appear. To date, Claimant has not contacted me.

Upon information and belief, the Claimant is not presently incarcerated.

Pursuant to Fed. R. Civ. P. 37(a)(1), your affiant has attempted in good faith to resolve this matter, by attempting to contact the *pro se* Claimant, by letter correspondence and telephone conversations, as previously detailed.

(*Id.* at 5–6.) Exhibits attached to the motion papers indicate that, in addition to trying to reach him by telephone, plaintiff tried to mail papers to Bollinger at two different addresses in Lake View, New York. (*Id.* at 8, 15.) The Court sent a Text Order[1] concerning the pending motion to one of the Lake View addresses, considering that Bollinger's address of record was clearly out of date. (Dkt. No. 12.) Bollinger never responded to the motion and has not taken any action in the case since filing his answer and claim on March 25, 2019.

## II.    DISCUSSION

Rule 37(d)(1)(A) allows sanctions on two different grounds, both of which are present here: failure to attend a deposition after being served with proper notice; and failure to respond to interrogatories or other document requests after being properly served. Sanctions may include "striking pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(iii). "Disciplinary sanctions under Rule 37 are intended to serve three purposes. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citations

---

[1] Incidentally, the Text Order cautioned Bollinger that his failure to update his address "may result in dismissal of the case, with prejudice." The Text Order should have used the word "claim" instead of "case."

3

omitted).  "Several factors may be useful in evaluating a district court's exercise of discretion to dismiss an action under Rule 37.  These include: (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation and editorial marks and citations omitted).

Bollinger has shown that dismissal would be appropriate here.  On March 29, 2019, the Court sent Bollinger a scheduling order that set November 29, 2019 as the discovery deadline.  (Dkt. No. 9.)  The Court sent a copy of the scheduling order to Bollinger at Elmira, his address of record and the address that he used just a few days earlier when filing his answer and claim.  (Dkt. No. 6.)  Bollinger has not taken any action in the case since.  To the extent that Bollinger could have any concern about not being "properly served" with any discovery demands, his concern would be outweighed by his failure to maintain an updated address as required by Local Civil Rule 5.2(d).  *Cf. Heitzenrater v. Officemax, Inc.*, No. 12-CV-900S F, 2015 WL 3952367, at *1 (W.D.N.Y. June 29, 2015) (noncompliance with Local Civil Rule 5.2(d) furnishes additional support for dismissal).  Meanwhile, plaintiff has shown to the Court's satisfaction that it has tried numerous times to reach out to Bollinger about ignored deposition notices and discovery demands.  *Cf. Buckingham v. Lewis Gen. Tires, Inc.*, No. 13-CV-6264W, 2019 WL 1028611, at *10 (W.D.N.Y. Mar. 4, 2019) (dismissal of complaint after "noncompliance with his discovery obligations and repeated court orders"), *report and recommendation adopted*, No. 6:13-CV-06264 EAW, 2019 WL 1375254 (W.D.N.Y. Mar. 27, 2019).  Plaintiff went as far as to contact Bollinger's parole officer and a purported friend of the family to try to establish communication by telephone.  Mindful of Bollinger's *pro se* status, the Court gave Bollinger a month to respond to the pending motion and to update his address.  The Court sent its

4

Order to one of the addresses in the record associated with Bollinger; although this point is not conclusive proof of receipt, the Court notes that its mailing to Bollinger was not returned as undeliverable. The Court has reached the limits of what it can do with a claimant whose whereabouts are not even known at this point but who clearly knows that he has a case whose deadlines have passed. *Cf. United States v. Case*, No. 5:06-CV-00570, 2010 WL 3907622, at *3 (N.D.N.Y. Aug. 12, 2010) (answer stricken as sanction for repeated failure to attend a deposition and failure to abide by other court orders), *report and recommendation adopted*, No. 5:06-CV-570 FJS/GHL, 2010 WL 3893898 (N.D.N.Y. Sept. 30, 2010).

Under the circumstances, the Court has to conclude that Bollinger no longer wishes to pursue his claim. The final courtesy that the Court will extend to Bollinger relates to how this Court is addressing a dispositive remedy through a Report and Recommendation. Bollinger will have the customary time to file objections, and the Court will send copies of this Report and Recommendation to both Lake View addresses on record as well as to his parole officers (Appendix 1). If Bollinger were to file timely objections with a good explanation for his inaction then this Court would welcome a referral back from Judge Vilardo for further proceedings.

## III.    CONCLUSION

For all of the foregoing reasons, the Court respectfully recommends granting plaintiff's motion (Dkt. No. 10).

## IV.    OBJECTIONS

A copy of this Report and Recommendation will be sent to counsel for plaintiff by electronic filing on the date below.  The Court will mail copies by first-class mail to the following addresses:

> John Bollinger
> 1814 North Creek Road
> Lake View, NY 14085
>
> John R. Bollinger
> 6344 Versailles Road
> Lake View, NY 14085
>
> Ofcrs. J. Taber / M. Rudyk
> NYS Department of Corrections and Community Supervision
> Niagara Frontier Parole Office
> 444 Third Street
> Niagara Falls, NY 14301

"Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  Any objections must be filed electronically with the Clerk of the Court through the CM/ECF system.

"As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."  *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.") (citation omitted).  "We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.  The rule is

6

enforced under our supervisory powers and is a nonjurisdictional waiver provision whose violation we may excuse in the interest of justice." *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38–39 (2d Cir. 1997) (internal quotation marks and citations omitted).

"Where a party only raises general objections, a district court need only satisfy itself there is no clear error on the face of the record.  Indeed, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke de novo review.  Such objections would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009) (internal quotation and editorial marks and citations omitted).

SO ORDERED.

___/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: January 8, 2020